### TUCKER, administratrix, *vs.* KEEN.

[This case was argued at the tast term and decision reserved]

1. Discretion was not abused in refusing to make the rule absolute, on the facts contained in the record.
2. Where the enforcement of a levy was arrested by affidavit of illegality, on the ground of payment and other grounds, the sheriff taking bond in terms of the statute, and returning the papers to the clerk's office, and while the illegality was pending, the sheriff's term of office expired, he was in no default for not selling the property.

Sheriffs. Attachment for contempt. Levy and sale. Before Judge PATE. Laurens Superior Court. February Adjourned Term, 1877.

Report unnecessary.

JOHN M. STUBBS, by Z. D. HARRISON, for plaintiff in error.

No appearance for defendant.

BLECKLEY, Judge.

1. Rule against the sheriff proceeds, in part at least, on the theory of contempt. A court has some discretion in granting or denying a remedy so stringent, and so personal in its nature. The outcome of it is, or may be, imprisonment; and it sometimes happens that, though the plaintiff

may have good cause for an ordinary action against the sheriff, the court whose officer he is can see ample reason why a rule absolute should not be granted. We can perceive no abuse of discretion in denying the rule which was applied for in this case.

2. Indeed, we are clear that the sheriff, having done his duty in levying and in taking bond on the interposition of an affidavit of illegality, and having gone out of office by reason of the expiration of his term, before the illegality was disposed of, cannot be considered in default for not selling the property. It was his duty to return the execution, affidavit and bond, to the clerk's office, or to the court, (Code, §3666,) which he did; and there his duty ended, inasmuch as he ceased to be sheriff before the execution was turned loose so as to render a legal sale practicable. One of the grounds of illegality alleged in the affidavit was payment. This distinctly appears both from the recitals in the rule *nisi*, and from the agreed statement of facts.

Judgment affirmed.